UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME R. OSWALD,

    Plaintiff,

vs.                                          Case No. 2:10-cv-12660-RHC-MKM
                                                Hon. Robert H. Cleland

BAE INDUSTRIES, INC.,

    Defendant.

---

| Paul A. Wright (P22573) | HONIGMAN MILLER SCHWARTZ |
|---|---|
| Attorney for Plaintiff |   AND COHN LLP |
| 66 Letts Road | Attorneys for Defendant |
| Oakland, MI 48363 | William D. Sargent (P38143) |
| (586) 752-0352 | Sean F. Crotty (P64987) |
| | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226-3506 |
| | (313) 465-7538 |
| | wsargent@honigman.com |
| | scrotty@honigman.com |

---

**DEFENDANT BAE INDUSTRIES, INC.'S MOTION FOR
<u>SUMMARY JUDGMENT BASED ON THE CONTRACTUAL LIMITATIONS PERIOD</u>**

      Defendant BAE Industries, Inc. ("BAE"), by and through its attorneys, Honigman Miller Schwartz and Cohn LLP, hereby moves for summary judgment under Fed. R. Civ. P. 56. As set forth in BAE's supporting brief, Plaintiff's claims are barred by the contractual limitations period he freely agreed to in his employment agreement. In support of its motion, BAE relies on its supporting brief and the attached exhibits. Further, BAE states that Plaintiff denied concurrence in the relief requested.

WHEREFORE, BAE respectfully requests that the Court dismiss Plaintiff's complaint with prejudice, award BAE its fees and costs incurred in connection with this motion, and grant such other relief as the Court deems just.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Defendant


By: /s/ Sean F. Crotty_____
   William D. Sargent (P38143)
   Sean F. Crotty (P64987)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7538
wsargent@honigman.com
Dated:  July 22, 2010          scrotty@honigman.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME R. OSWALD,

    Plaintiff,

vs.                                  Case No. 2:10-cv-12660-RHC-MKM
                                      Hon. Robert H. Cleland
BAE INDUSTRIES, INC.,

    Defendant.

---

| Paul A. Wright (P22573) | HONIGMAN MILLER SCHWARTZ |
|---|---|
| Attorney for Plaintiff |  AND COHN LLP |
| 66 Letts Road | Attorneys for Defendant |
| Oakland, MI 48363 | William D. Sargent (P38143) |
| (586) 752-0352 | Sean F. Crotty (P64987) |
| | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226-3506 |
| | (313) 465-7538 |
| | wsargent@honigman.com |
| | scrotty@honigman.com |

---

**BRIEF IN SUPPORT OF DEFENDANT BAE INDUSTRIES, INC.'S MOTION FOR
SUMMARY JUDGMENT BASED ON THE CONTRACTUAL LIMITATIONS PERIOD**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

CONCISE STATEMENT OF THE ISSUE PRESENTED ......................................................... vi

CONTROLLING/MOST APPROPRIATE AUTHORITY......................................................... vii

I.    Introduction..................................................................................................................1

II.    Background..................................................................................................................2

        A.    Plaintiff's Employment and Shortened Contractual Limitations Period .................2

        B.    Plaintiff's Allegations................................................................................2

        C.    The DOL's No Cause Finding .....................................................................3

        D.    Plaintiff's Untimely Lawsuit.......................................................................3

III.    Standard of Review........................................................................................................3

IV.    Argument ....................................................................................................................4

        A.    It Is Well Settled that Contractual Limitations Periods Are Enforceable................4

        B.    Contractual Limitations Periods Are Enforceable Regarding Plaintiff's
            USERRA and Michigan Law Claims ...................................................................5

        C.    The 180-Day Limitations Period Is Reasonable and Provided Plaintiff a
            Fair Opportunity To Assert His Claims ................................................................8

V.    Conclusion .................................................................................................................10

**TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................... 4

*Aull v. McKeon-Grano Associates, Inc.*,
   Case No. 06-2752, 2007 WL 655484 (D.N.J. filed Feb. 26, 2007) ....................... 7, 8

*Berry v. Chrysler Corp.*,
   150 F.2d 1002 (6th Cir. 1945) ..................................................................................... 3

*Campbell v. Holt*,
   115 U.S. 620, 6 S. Ct. 209, 29 L. Ed. 483 (1885) ....................................................... 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................... 4

*Forest v. Parmalee*,
   402 Mich. 348; 262 N.W.2d 653 (1977) ..................................................................... 6

*Hughes Aircraft Co. v. United States ex rel. Schumer*,
   520 U.S. 939 (1997) .................................................................................................... 7

*Landis v. Pinnacle Eye Care, LLC*,
   537 F.3d 559 (6th Cir. 2008) .................................................................................. 5-8

*Lopardo v. Lehman Bros., Inc.*,
   548 F. Supp. 2d 450 (N.D. Ohio 2008) ...................................................................... 6

*Mahalsky v. Salem Tool Co.*,
   461 F.2d 581 (6th Cir. 1972) ...................................................................................... 6

*Middleton v. City of Chicago*,
   578 F.3d 655 (7th Cir. 2009) ...................................................................................... 7

*Myers v. Western-Southern Life Ins. Co.*,
   849 F.2d 259 (1988) .................................................................................................... 8

*Order of the United Commercial Travelers of America v. Wolfe*,
   331 U.S. 586 (1947) .................................................................................................... 4

*Ott v. Midland-Ross Corp.*,
   523 F.2d 1367 (6th Cir. 1975) .................................................................................... 7

*Ray v. FedEx Corporate Servs., Inc.*,
    668 F. Supp. 2d 1063 (W.D. Tenn. 2009) .................................................................................. 7

*Risner v. Haines*,
    No. 1:06-cv-1953, 2009 WL 4280734 at *7 (N.D. Ohio filed Nov. 24, 2009) ......................... 7

*Rory v. Continental Ins. Co.*,
    473 Mich. 457; 703 N.W.2d 23 (2005) .................................................................................... 4

*Street v. J.C. Bradford & Co.*,
    886 F.2d 1472 (6th Cir. 1989) .................................................................................................. 4

*Thurman v. Daimler-Chrysler, Inc.*,
    397 F.3d 352 (6th Cir. 2004) ............................................................................................... 4, 8

*Timko v. Oakwood Custom Coating*,
    244 Mich. App. 234; 625 N.W.2d 101 (2001) ......................................................................... 8

*Truitt v. Wayne County*,
    148 F.3d 644 (6th Cir. 1998) .................................................................................................... 6

*Wright v. DaimlerChrysler*,
    220 F. Supp. 2d 832 (E.D. Mich. 2002) ................................................................................... 8

*Wysocki v. Internat'l Bus. Machines Corp.*,
    607 F.3d 1102 (6th Cir. 2010) .............................................................................................. 5, 6

*Zipes v. Trans World Airlines, Inc.*,
    455 U.S. 385 (1982) .................................................................................................................. 6

**STATUTES**

38 U.S.C. § 4301 ................................................................................................................................ 1

38 U.S.C. § 4302 ............................................................................................................................ 5-7

38 U.S.C. § 4303 ............................................................................................................................ 5-7

38 U.S.C. § 4327 ................................................................................................................................ 7

M.C.L. § 32.271 ................................................................................................................................. 1

Pub. L. No. 110-389, 122 Stat. 4145 ................................................................................................. 7

Veterans' Benefits Improvement Act of 2008 .................................................................................... 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ........................................................................................................................... 3

Fed. R. Civ. P. 56 ........................................................................................................................... 3

## **CONCISE STATEMENT OF THE ISSUE PRESENTED**

Plaintiff's employment agreement with Defendant BAE Industries, Inc. ("BAE") contains a 180-day shortened limitations period for bringing any claim relating to Plaintiff's employment and/or termination of employment. Should the Court grant summary judgment and dismiss Plaintiff's employment claims where he filed this lawsuit 1,025 days after his employment ended?

        BAE answers:         Yes

        Plaintiffs answer:        No

        This Court should answer:        Yes

## **CONTROLLING/MOST APPROPRIATE AUTHORITY**

*Order of the United Commercial Travelers of America v. Wolfe*, 331 U.S. 586 (1947).

*Landis v. Pinnacle Eye Care*, *LLC*, 537 F.3d 559 (6th Cir. 2008).

## I. Introduction

Despite contractually agreeing to bring any employment-related claims within 180 days after they arise, Plaintiff Jerome Oswald ("Plaintiff") waited nearly three years after his September 2007 discharge to file this lawsuit against his former employer, Defendant BAE Industries, Inc. ("BAE"). Plaintiff alleges BAE violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, and the Michigan equivalent thereof, M.C.L. § 32.271 *et seq.*, by discriminating against him. Plaintiff's lawsuit is time barred by the contractual limitations period he freely agreed to in his employment agreement.

It is well settled that shortened contractual limitations periods are enforceable so long as they are not prohibited by the statute at issue and are reasonable. Here, nothing in the USERRA or the cited Michigan statutes prevented the parties from contractually agreeing to a 180-day limitations period for Plaintiff's claims. The limitations period is a procedural issue, unaffected by the provision in the USERRA protecting a service member's substantive rights. Further, both Michigan and federal courts have repeatedly held that 180 days is a reasonable limitations period as a matter of law. In light of Plaintiff's contractual limitations period, the Court should grant summary judgment and dismiss Plaintiff's complaint with prejudice.

## II. Background

### A. Plaintiff's Employment and Shortened Contractual Limitations Period

BAE is Plaintiff's former employer. (Compl., ¶ 13). As Plaintiff acknowledges, BAE was fully aware of Plaintiff's military status when it hired him. (Compl., ¶ 11). At the commencement of his employment, Plaintiff executed an Employment Agreement dated August 29, 2005 ("Agreement") that, among other things, contained a shortened limitations period for all employment-related claims:

> I further agree that any action, claim or suit against the Company arising out of my application for employment, employment, or termination including, but not limited to, claims arising under any State or Federal civil rights statutes **must be brought within one hundred and eighty (180) days of the event giving rise to the claim or be forever barred. I waive any limitation periods to the contrary.**

(Ex. A, ¶ 5 (emphasis added)).

### B. Plaintiff's Allegations

The gravamen of Plaintiff's complaint is that: (1) during his employment, his Marine Corps Reserve unit was called to active duty between July 2006 and July 2007 (Compl., ¶ 22); (2) upon his return from service in July 2007, he was reemployed in a position he deemed unsatisfactory (Compl., ¶¶ 28-42); and (3) BAE ultimately terminated his employment on September 14, 2007 based, in part, on his military status (Compl., ¶¶ 45, 63, 70). Thus, at the latest, Plaintiff's claims accrued on September 14, 2007, when his job was eliminated.[1]

---

[1] While BAE accepts these facts as true for purposes of this motion, the evidence will not support Plaintiff's claims if this lawsuit proceeds. In fact, BAE was highly supportive of Plaintiff's military service, including organizing a send off party for his deployment, collecting money to help his family with lawn care and snow removal during his absence, and preparing care packages for Plaintiff's unit during his deployment. (*See, e.g.*, Ex. B). Indeed, Plaintiff's supervisor, Mark Gleason, went so far as to fix the septic tank at Plaintiff's house during his deployment. Moreover, Plaintiff's termination resulted from a reduction-in-force necessitated by economic conditions wholly unrelated to Plaintiff's military status. (*See* Ex. C).

    **C.**    **The DOL's No Cause Finding**

Curiously, Plaintiff fails to include in his complaint that, in February 2008, he requested that the United States Department of Labor's Veterans Employment and Training Service, an organization charged with administering and assisting veterans regarding their USERRA rights, investigate the same allegations he makes here. (*See* Ex. D). On March 13, 2008, after investigating this matter, the Department of Labor closed its file and declined to proceed on Plaintiff's allegations. (Ex. E).

    **D.**    **Plaintiff's Untimely Lawsuit**

On July 5, 2010, Plaintiff filed the present lawsuit, alleging claims under the USERRA and Michigan law. His filing came 1,025 days after BAE terminated his employment. Even if the limitations period ran from the date of the Department of Labor's adverse determination, Plaintiff's complaint is still untimely, having been filed 840 days after the Department declined to proceed on this matter.

### III.    Standard of Review

A statute of limitations defense is typically addressed through a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945). Because the present motion requires the Court to consider matters outside of the pleadings, such as Plaintiff's Agreement, it is more appropriate to consider this motion as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P.12(d) (providing that the court may consider a motion initially brought under Fed. R. Civ. P. 12 as a motion under Fed. R. Civ. P. 56 when it considers matters outside of the pleadings). Under either Rule, Plaintiff's complaint must be dismissed.

Fed. R. Civ. P. 56(c) provides that a party "may move for summary judgment at any time." Summary judgment is appropriate if "there is no genuine issue as to any material fact and

. . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Court stressed that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-248 (emphasis in original).  Thus, the inquiry on a summary judgment motion is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it may be decided as a matter of law.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

### IV.    Argument

**A.    It Is Well Settled that Contractual Limitations Periods Are Enforceable**

In *Order of the United Commercial Travelers of America v. Wolfe*, 331 U.S. 586 (1947), the United States Supreme Court held that parties may contractually agree to a limitations period shorter than that provided by law so long as the agreed-upon period is reasonable, with the Court expressly stating:

> I[n] the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

*Id.* at 608.  Both the Sixth Circuit Court of Appeals and the Michigan Supreme Court adhere to this principle.  *See Thurman v. Daimler-Chrysler, Inc.*, 397 F.3d 352, 358 (6th Cir. 2004) (enforcing a six-month contractual limitations period with respect to state and federal claims); *Rory v. Continental Ins. Co*., 473 Mich. 457, 470; 703 N.W.2d 23 (2005) (holding that parties may contract for and enforce abbreviated limitations periods, regardless of reasonableness).

B. **Contractual Limitations Periods Are Enforceable Regarding Plaintiff's USERRA and Michigan Law Claims**

Nothing in either the USERRA or the relevant Michigan statutes prohibits parties from contractually agreeing to a shortened limitations period. While it is anticipated Plaintiff will argue Section 4302 of the USERRA bars contractual limitations periods, that argument lacks merit. Section 4302 provides:

> This chapter supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

38 U.S.C. § 4302(b).

Importantly, the Sixth Circuit Court of Appeals has held Section 4302 does not prevent parties from contractually limiting procedural rights, as the statute protects only substantive rights and benefits. *See Landis v. Pinnacle Eye Care*, *LLC*, 537 F.3d 559, 562-563 (6th Cir. 2008); *see also Wysocki v. Internat'l Bus. Machines Corp.*, 607 F.3d 1102, 1107 (6th Cir. 2010) (holding that the Sixth Circuit recognizes "the distinction between procedural and substantive rights for the purposes of § 4302"). The Sixth Circuit view is supported by Section 4303 of the USERRA, which defines the phrase "right or benefit" in terms of compensation and working conditions, including:

> [A]ny advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

5

38 U.S.C. § 4303(2); *see Wysocki*, 607 F.3d at 1106 (holding that "the rights and benefits listed in § 4303(2) are all substantive rights.").

The Sixth Circuit Court of Appeals analyzed the statutory framework in *Landis* when enforcing an arbitration clause covering a USERRA claim. *Landis*, 537 F.3d at 562-563. Addressing Section 4302, the court held, "By agreeing to arbitration, a party does not forego the substantive rights provided by the statute, but rather it submits its claims to an arbitral forum instead of a judicial forum." *Id.* at 562. The court further held that a contractual arbitration provision comports with the purpose of the USERRA because "[a]rbitration presents a fair opportunity for a claimant to present and prevail on a claim of a USERRA violation." *Id.* at 563.

As with the arbitration provision in *Landis*, courts routinely characterize the statute of limitations as a procedural issue, not a substantive one. *See, e.g., Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 586 (6th Cir. 1972) ("[Q]uestions concerning… the applicable statute of limitations are procedural matters."); *Lopardo v. Lehman Bros., Inc.*, 548 F. Supp. 2d 450, 461 (N.D. Ohio 2008) ("The idea that statutes of limitation affect procedural rights and not substantive rights can be traced back at least as far as the United States Supreme Court decision in *Campbell v. Holt*, 115 U.S. 620, 6 S. Ct. 209, 29 L. Ed. 483 (1885)."); *Forest v. Parmalee*, 402 Mich. 348, 359; 262 N.W.2d 653 (1977) ("Statute of limitations are generally considered to be procedural requirements.").

An identical analysis applies to civil rights, employment discrimination and other broad, remedial statutes protecting employees from discriminatory treatment and discharge. *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that the timely filing of a discrimination charge under Title VII is a procedural requirement subject to waiver); *Truitt v. Wayne County*, 148 F.3d 644, 646 (6th Cir. 1998) (same); *Ott v. Midland-Ross Corp.*, 523 F.2d

6

1367, 1370 (6th Cir. 1975) (holding that the limitations period for Age Discrimination in Employment Act claims is procedural and subject to waiver); *Ray v. FedEx Corporate Servs., Inc.,* 668 F. Supp. 2d 1063, 1068 (W.D. Tenn. 2009) (holding that procedural rights under the Older Workers' Benefit Protection Act are subject to waiver).

Not surprisingly, shortened contractual limitations periods have been held to be enforceable with respect to USERRA claims. *Aull v. McKeon-Grano Associates, Inc*., Case No. 06-2752, 2007 WL 655484 (D.N.J. filed Feb. 26, 2007) (copy attached as Exhibit F). For example, in *Aull*, the defendant-employer moved to dismiss the plaintiff's USERRA claim based on the six-month limitations clause in the plaintiff's employment agreement. The court granted the motion, holding, as in *Landis*, that Section 4303(2)'s "rights and benefits" refer only to substantive rights, such as those that related to compensation and working conditions, not procedural rights. *Id*. at *6. Since the statute of limitations is procedural, not substantive, the court held, "Congress did not foreclose a uniformed service member from contracting away his right to the four-year statute of limitations."[2]  *Id.*  Because the plaintiff's claim was filed ten months after his employment ended, the court dismissed his claim. *Id.*

---

[2] On October 10, 2008, Congress enacted the Veterans' Benefits Improvement Act of 2008 ("VBIA") to clarify that a four-year statute is inapplicable under the USERRA. Specifically, the VBIA added Section 4327(b), which provides: "If any person seeks to file a complaint or claim with . . . a Federal or State court . . . alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim." 38 U.S.C. § 4327(b); Pub. L. No. 110-389, 122 Stat. 4145. Even if this new section could be read to foreclose a contractual limitations period – a proposition no court has adopted – it is nonetheless inapplicable. Plaintiff's contractual limitations period had already expired in March 2008 (or May 2008 if equitable tolling applied during the pendency of the Department of Labor's investigation), several months before the VBIA was passed. Courts may not apply a newly-enacted statutory provision retroactively unless Congress expressly provided for retroactive application, especially with respect to claims that were already time-barred as of the date of its enactment. *See Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946-947, 950 (1997)  ("[E]xtending a statute of limitations after the preexisting period of limitations has expired impermissibly revives a moribund cause of action."). Nothing in the VBIA expresses any intent to have the statute apply retroactively. *See* Pub. L. No. 110-389, 122 Stat. 4145. In fact, courts considering the VBIA have declined to apply new Section 4327 retroactively. *See Middleton v. City of Chicago*, 578 F.3d 655, 663-665 (7th Cir. 2009); *Risner v. Haines*, No. 1:06-cv-1953, 2009 WL 4280734 at *7 (N.D. Ohio filed Nov. 24, 2009) (following *Middleton*; copy attached as Exhibit G). Accordingly, Plaintiff cannot rely on this later statutory language to seek to revive his expired claim.

Here, as in *Landis* and *Aull*, Plaintiff's contractual limitations period – to which he freely agreed – is a procedural issue outside of the purview of Section 4302. Similar to an arbitration clause, Plaintiff had a full opportunity to pursue all of his substantive rights within the contractual limitations period. *See Wright v. DaimlerChrysler*, 220 F. Supp. 2d 832, 841 (E.D. Mich. 2002) (holding an abbreviated limitations period does not abrogate a plaintiff's right to bring a cause of action). Therefore, the contractual limitations period bars his claim so long as it is reasonable.

C.  **The 180-Day Limitations Period Is Reasonable and Provided Plaintiff a Fair Opportunity To Assert His Claims**

Given that the contractual limitations clause is enforceable with respect to Plaintiff's claims, the only remaining issues are whether the provision is reasonable and whether Plaintiff's claims are timely. Both questions clearly resolve in BAE's favor.

Repeatedly, courts have found reasonable the same 180-day limitations period as is at issue here. For instance, in *Thurman*, the Sixth Circuit Court of Appeals held a six-month statute of limitations clause was reasonable because it "gave the [plaintiffs] a sufficient opportunity to investigate and file an action." *Thurman*, 397 F.3d at 358. In *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259 (1988), the Sixth Circuit Court of Appeals enforced an agreement that, like the agreement here, provided: "You agree…[n]ot to commence any action or suit relating to your employment . . . more than six months after the date of termination of such employment, and to waive any statue of limitation to the contrary." *Id.* at 260.

Likewise, in *Timko v. Oakwood Custom Coating*, 244 Mich. App. 234; 625 N.W.2d 101 (2001), the Michigan Court of Appeals enforced an agreement that provided: "I agree that any action or suit against the firm arising out of my employment or termination of employment, including, but not limited to, claims arising under State or Federal civil rights statutes, must be

8

brought within 180 days of the event giving rise to the claims or be forever barred.  I waive any limitation periods to the contrary." *Id.* at 236.  The *Timko* court held that the 180-day limitation period "afforded plaintiff adequate time to investigate and file his age discrimination claim." *Id.* at 240.  The court further reasoned:

> The instant record reveals no explanation why the 180-day period of limitation at issue did not provide plaintiff a sufficient opportunity to investigate and to file this action with in the abbreviated period, and no indication exists that the 180-day period effectively abrogated plaintiff's right to bring his age discrimination claims.

*Id.* at 243.

Based on these authorities, it is well established that the 180-day provision is reasonable as a matter of law.  Moreover, in signing the Agreement, Plaintiff specifically acknowledged he understood and agreed to its terms.  (Ex. A).  The facts otherwise show that the limitations period afforded Plaintiff a sufficient opportunity to investigate and pursue his claims.  Significantly, Plaintiff acted on his USERRA claim by initiating an investigation with the Department of Labor in February 2008.  (*See* Ex. D).  On March 13, 2008, the Department concluded its investigation without finding any wrongdoing.  (Ex. E).  Since Plaintiff first complained within 180 days of his dismissal, he cannot now claim that he did not have the opportunity to pursue his claim within the contractual limitations period.  As such, the Court should find the contractual limitations period to be reasonable.

Finally, it is beyond dispute that Plaintiff failed to file this lawsuit within the contractual limitations period.  Rather than pursue his claims in a timely fashion, he brought this lawsuit nearly three years after his employment ended – 1,025 days later, to be exact.  Even if his filing with the Department of Labor tolled the limitations period, Plaintiff's lawsuit is still far outside the requisite time period.  Accordingly, the Court should dismiss Plaintiff's complaint.

## V. Conclusion

Based on the foregoing, BAE respectfully requests that the Court dismiss Plaintiff's complaint with prejudice, award BAE its fees and costs incurred in connection with this motion, and grant such other relief as the Court deems just.

                                              Respectfully submitted,

                                              HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                              Attorneys for Defendant

                                              By: /s/ Sean F. Crotty_____
                                                  William D. Sargent (P38143)
                                                  Sean F. Crotty (P64987)
                                              2290 First National Building
                                              660 Woodward Avenue
                                              Detroit, MI 48226-3506
                                              (313) 465-7538
                                              wsargent@honigman.com
Dated:  July 22, 2010                       scrotty@honigman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME R. OSWALD,

    Plaintiff,

vs.                              Case No. 2:10-cv-12660-RHC-MKM
                                  Hon. Robert H. Cleland

BAE INDUSTRIES, INC.,

    Defendant.

| Paul A. Wright (P22573) | HONIGMAN MILLER SCHWARTZ |
|---|---|
| Attorney for Plaintiff |  AND COHN LLP |
| 66 Letts Road | Attorneys for Defendant |
| Oakland, MI 48363 | William D. Sargent (P38143) |
| (586) 752-0352 | Sean F. Crotty (P64987) |
| | 2290 First National Building |
| | 660 Woodward Avenue |
| | Detroit, MI 48226-3506 |
| | (313) 465-7538 |
| | wsargent@honigman.com |
| | scrotty@honigman.com |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 22, 2010, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Paul A. Wright, Esq.

                                                Respectfully submitted,

                                                HONIGMAN MILLER SCHWARTZ AND COHN LLP
                                                Attorneys for Defendant

                                                By: /s/ Sean F. Crotty
                                                    William D. Sargent (P38143)
                                                    Sean F. Crotty (P64987)
                                                2290 First National Building
                                                660 Woodward Avenue
                                                Detroit, MI 48226-3506

Dated: July 22, 2010                    (313) 465-7538
DETROIT.4271516.4