UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME OSWALD
    Plaintiff

vs.                                      Case No:  MI-2008-00020-10-CO
                                        HON. ROBERT CLELAND

BAE INDUSTRIES, INC.
    Defendant
_____/
Paul A. Wright (P22573)
Attorney for Plaintiff
66 Letts Road
Oakland, Michigan  48363-2030

William D. Sargent ((P38143)
Sean F. Crotty (P64987)
Attorneys for Defendant
660 Woodward Avenue Suite 2290
Detroit, Michigan48226
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE CONTRACTUAL LIMITATIONS PERIOD**

    Now comes the Plaintiff, Jerome Oswald, and submits the following response to the Defendant's Motion for Summary Judgment Based on the Contractual Limitations Period.

    The Defendant moves to dismiss the Plaintiff's claim on the basis of a pre-employment contractual agreement which states that "claims arising under any State or Federal civil rights statutes must be brought within one hundred and eighty(180) days of the event giving rise to the claim or be forever barred."

    While the Defendant offers case law indicating that either of the parties are entitled to

arbitration of the USERRA claim under state law, the USERRA, as amended, specifically provides that "No State statute of limitations shall apply to any proceeding under this chapter," referring to the USERRA . Public Law 105-368, 105th Congress. Exhibit A.

The applicable statute of limitations is the "catch all" statute of limitations provided by 28 U.S.C. § 1658(a), which is four years, while the Plaintiff filed this lawsuit within three years, clearly within the applicable statute of limitations.

The Plaintiff hereby requests arbitration pursuant to paragraph four of the pre-employment agreement shown at Exhibit A.

Wherefore the Plaintiff prays that this Court enter an order to the effect that:

(a) this Court has jurisdiction,

(b) that the Plaintiff's claim has been filed timely pursuant to the four year statute set out in 28 U.S.C. § 1658(a), and

(c) that the matter be ordered to the America Arbitration Association pursuant to the terms of the pre-employment agreement which binds both of the parties.

Respectfully Submitted,

   s/Paul A. Wright
Paul A. Wright (P22573)
Attorney for Plaintiff
66 Letts Road
Oakland, Michigan 48363
(586) 752-0352
Fax: (586) 752-6269
pawright@comcast.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME OSWALD
    Plaintiff

vs.                                      Case No:  MI-2008-00020-10-CO
                                           HON. ROBERT CLELAND

BAE INDUSTRIES, INC.
    Defendant
_____/
Paul A. Wright (P22573)
Attorney for Plaintiff
66 Letts Road
Oakland, Michigan  48363-2030

William D. Sargent ((P38143)
Sean F. Crotty (P64987)
Attorneys for Defendant
660 Woodward Avenue Suite 2290
Detroit, Michigan48226
_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE**

**CONTRACTUAL LIMITATIONS PERIOD**

**TABLE OF CONTENTS**

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE CONTRACTUAL LIMITATIONS PERIOD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON THE CONTRACTUAL LIMITATIONS PERIOD. . . . . . . . . . . . . . . . . . . . . . . . Page 1

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

CONCISE STATEMENT OF ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . -iv-

CONTROLLING/MOST APPROPRIATE AUTHORITY.. . . . . . . . . . . . . . . . . . . . . . . -v-

III.  STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

IV.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

CERTIFICATE OF ELECTRONIC SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

# TABLE OF AUTHORITIES

**Cases**

Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 3

*Middleton v. City of Chicago*, 578 F.3d 655 (7th Cir. 2009). *Exhibit B*.. . . . . . . . . . . Page 2


**Statutes**

Public Law 105-368 of 1998, 105th Congress, regarding the inapplicability of state statute of limitations in USERRA claims. Exhibit A.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -v-, Page 2

## CONCISE STATEMENT OF ISSUE PRESENTED

Plaintiff's employment agreement with Defendant BAE Industries, Inc. ("BAE") contains a 180-day shortened limitations period for bringing any claim relating to Plaintiff's employment and/or termination of employment. Should the Court grant summary judgment and dismiss Plaintiff's employment claims where he filed this lawsuit 1,025 days after his employment ended.

Plaintiff-Appellant says    No.

Defendant-Appellee says    Yes.

## CONTROLLING/MOST APPROPRIATE AUTHORITY

1. Public Law 105-368 of 1998, 105th Congress, regarding the inapplicability of state statute of limitations in USERRA claims. Exhibit A.

2. Middleton v. City of Chicago, 578 F.3d 655 (7th Cir. 2009). Exhibit B

### III.  Standard of Review

The Plaintiff does not dispute the law set out in the Defendant's Standard of Review.

## IV.  Argument

A.  State Statutes of Limitations Are Unenforceable in USERRA Claims

Most of the following law is taken from a 2009 Seventh Circuit case by the name of *Middleton v. City of Chicago*, 578 F.3d 655 (7th Cir. 2009). *Exhibit B*. In that case the Plaintiff sued the City of Chicago claiming that it had refused to hire him nearly thirteen years earlier, in violation of USERRA.  The Court engaged in a thorough discussion of the statute of limitations issues involved in USERRA cases.

In the Defendant's introduction, the second paragraph starts out by admitting that "It is well settled that shortened contractual limitations periods are enforceable so long as they are **not prohibited by the statue at issue** and are reasonable. Bolding added for emphasis.

Simply put, the statute at issue here bars the relief that the Defendant requests. The 1998 amendments to the USERRA statute specifically state that "No State statute of limitations shall apply to any proceeding under this chapter." Exhibit A sets out the pertinent portion of Public Law 105-368 of 1998, 105th Congress where this quote can be found. Page four of the Exhibit A at the top of the page.

It is clear from this provision that, at least since 1998, USERRA has contained a provision which states that, ""No State statute of limitations shall apply to any proceeding under this chapter."  The only possible interpretation that can be given to this sentence is that any statute of limitations established by state case law or statute is barred from enforcement.

Page 2

Here the Defendant is asking this Court to enforce a contractual statute of limitations established by the interpretation of state contractual law contrary to this provision. The Defendant can argue that it should only be read to refer to statutes of limitations that are based on statutes passed by the legislature, but there is no hint in the language that this limitation on its scope was intended.

B. The Proper Statute of Limitations is Four Years

On December 1, 1990, Congress enacted § 1658 in response to criticism regarding the lack of a uniform federal statute of limitations. See *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Among other purposes, Congress sought to minimize the federal courts' practice of borrowing statutes of limitations from the states. See id. The result was a "catch all" statute of limitations for federal claims: Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues. 28 U.S.C. § 1658(a). This text makes clear that any action "arising under" a federal statute enacted after December 1, 1990, is subject to § 1658. See id.; Jones, 541 U.S. at 380, 124 S.Ct. 1836.

This is the appropriate statute of limitations, and as admitted in the Defendant's Motion, the complaint in this matter was filed less than three years after the Plaintiff was laid off. See Page 9 of Defendant's Brief.

C.  The Plaintiff Requests Arbitration

For the purposes of this motion, the Plaintiff does not dispute that either the Plaintiff or the Defendant may be compelled to arbitrate, and since the Plaintiff was unaware of this option, he now chooses to request arbitration pursuant to paragraph 4 of that agreement.

## CONCLUSION

Wherefore the Plaintiff prays that this Court enter an order to the effect that

(a)   This Court has jurisdiction,

(b)   that the Plaintiff's claim has been filed timely pursuant to the four year statute set out in 28 U.S.C. § 1658(a), and

(c)   that the matter be ordered to the America Arbitration Association pursuant to the terms of the pre-employment agreement which binds both of the parties.

Respectfully Submitted,

By:   s/Paul A. Wright
PAUL A. WRIGHT (P22573)
Attorney for Plaintiff
66 Letts Road
Oakland, Michigan 48063
(586) 752-0352

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on August 12, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

WILLIAM D. SARGENT
SEAN F. CROTTY
660 Woodward Avenue Suite 2290
Detroit, Michigan48226

and I hereby certify that I have mailed by United States Postal Service the paper to the following non- ECF participants: None.

By: s/Paul A. Wright
66 Letts Road
Oakland, Michigan 48363
(586) 752-0352
pawright@comcast.net
Attorney Bar No. P22573