**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME R. OSWALD,

    Plaintiff,

v.                                                                            Case No. 10-CV-12660-DT

BAE INDUSTRIES, INC.,

    Defendant.
                                                        /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is a motion for summary judgment filed by Defendant BAE Industries, Inc. ("BAE") on July 22, 2010. The matter has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. INTRODUCTION**

On July 5, 2010, Plaintiff Jerome Oswald initiated this action against Defendant BAE, alleging that Defendant violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*, and the Michigan Military Act, Mich. Comp. Laws § 32.271. Specifically, Plaintiff alleges that Defendant discriminated against him and ultimately terminated him because of his military service. Defendant has moved for summary judgment alleging that Plaintiff's action is barred by a contractual limitations provision that he agreed to in his employment application. Plaintiff argues, in response, that his action is governed by a statutory four-year limitations period, rather than the six-month contractual limitations period. Alternatively, Plaintiff requests that this matter be ordered to the American Arbitration Association.

## II. STANDARD[1]

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not "'weigh the evidence [to] determine the truth of the matter but[, rather,] to determine whether there is a genuine issue for trial.'" *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter,* 369 F.3d 906, 909 (2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough

---

[1]Defendant brought its motion under Federal Rules of Civil Procedure 12 and 56. Because the motion relies on matters outside the pleadings, the court will analyze it under Rule 56.

evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

## III. DISCUSSION

### A. Plaintiff's USERRA Claim

According to the Complaint, Plaintiff was terminated in September 2007. (*See* Compl. ¶¶ 13, 45.) Plaintiff initiated this action on July 5, 2010. The parties agree that claims brought under the USERRA are subject to the four-year general limitations period set forth under 28 U.S.C. § 1658(a). Thus, in the absence of the application of a contractual limitations period, Plaintiff's claim was timely filed. Defendant argues, however, that Plaintiff signed a contract on August 29, 2005 which contained the following provision:

> I also agree that any action, claim or suit against [Defendant] arising out of my application for employment, employment, or termination including, but not limited to, claims arising under State or Federal civil rights statutes must be brought within one hundred and eighty (180) days of the event giving rise to the claim or be forever barred. I waive any and all limitation periods to the contrary.

(Def.'s Ex. A.) It is undisputed that Plaintiff initiated this action well beyond the 180 days provided in the contract. The sole issue for the court to determine is whether to apply the contractual limitations period or the statutory period.

> [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.

3

*Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). Thus, the six-month contractual limitation period found in Plaintiff's pre-employment contract is valid, so long as (1) there is no controlling statute to the contrary and (2) the six-month period is reasonable. The Sixth Circuit has held that "there is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement." *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 357 (6th Cir. 2004) (citing *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988).[2]

Plaintiff here does not argue that the limitations period is unreasonable. Instead, Plaintiff's response contains two and a half pages of argument in which he primarily relies on a Seventh Circuit case which held, generally, that USERRA claims filed before the enactment of the Veterans' Benefits Improvement Act ("VBIA") were nonetheless governed by the four-year "catch all" statute of limitations provided by 28 U.S.C. § 1658(a). *Middleton v. City of Chicago*, 578 F.3d 655, 657 (7th Cir. 2009). *Middleton* did not involve a contractual limitations period and thus bears no relevance to the issue presented in this matter.[3]

---

[2]The Sixth Circuit has also stated that "waivers in civil rights cases ought to be carefully scrutinized for voluntariness." *Myers*, 849 F.2d at 262. In this case, there is no evidence that the waiver was not voluntary or knowing. Plaintiff does not dispute that the contract was signed by him, nor does he argue that the his waiver was not voluntary or knowing. It is difficult to imagine how he could make this argument, given that the language of the waiver is clear and unambiguous, and appears directly above his signature line. As the Sixth Circuit stated in *Myers*, "[t]he contractual language is quite clear; moreover, if [the plaintiff] believed that the terms were unreasonable, he clearly had the option of not signing the agreement." *Id.* at 262.

[3]*Middleton* does stand for the proposition that, generally, the VBIA does not apply retroactively to claims, such as this one, that were time-barred prior to the enactment of the VBIA. Defendant specifically argues that VBIA does not apply to this case (Def.'s

The only other argument which Plaintiff makes in response to Defendant's motion is that USERRA contains a provision that prohibits the enforcement of contractual limitations period. Plaintiff relies on a provision of USERRA, which was deleted in 2008, but which is–at least arguably–still applicable to this case which accrued prior to 2008. Specifically, Plaintiff cites the former provision of USERRA which states that "[n]o state statute of limitations shall apply to any proceeding under this chapter." (Pl.'s Br. at 2, citing Public Law 105-368 of 1998.) The plain language of this provision states that state *statutes* of limitations may not be applied to USERRA claims. However, as Defendant points out, Defendant here is not attempting to apply a "state statute of limitations," but rather is attempting to enforce a contractual limitations period, agreed to by Plaintiff. Such contractual provisions are generally allowed. *See Order of United Commercial Travelers of Am.*, 331 U.S. at 608. The court agrees with the District of New Jersey, which addressed this issue and found that the cited provision disallows state statutes of limitations, but does not prohibit privately contracted limitations period. *See Aull v. McKeon-Grano Assoc.*, No. 06-2752, 2007 WL 655484, *6 (D.N.J. Feb. 27, 2007). As the *Aull* court stated, "Congress expressly declared that state statutes of limitations were inapplicable to USERRA claims. 38 U.S.C. § 4323(I). Notably, however, Congress did not find it necessary to expressly declare that private contracts creating their own statute of limitations were forbidden." *Id.* Thus, in light of the plain language of the statute, and the reasoning of *Aull*, the court rejects Plaintiff's argument

---

Mot. at n.2.), and, by citing *Middleton* and arguing for the four-year statue of limitations, Plaintiff apparently agrees.

5

that contractual limitations periods are prohibited under the former language of USERRA.

Plaintiff presents no further arguments, or facts, in opposition to Defendant's argument. The court finds, consistent with Sixth Circuit authority, that the six-month limitations period is reasonable and enforceable. Based on the undisputed facts before the court, Plaintiff did not comply with the limitations period, and Defendant is entitled to summary judgment on Plaintiff's USERRA claim.

### B. Plaintiff's Michigan Military Act Claim

The pre-employment contract also asserted a six-month limitations period for state law claims. (Def.'s Ex. A.) Under Michigan law, "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 31 (Mich. 2005). This is true without regard to whether the contract is "reasonable." *Id.* In its motion, Defendant argues that Plaintiff's claim under the Michigan Military Act is also barred by the unambiguous limitations period contained in the contract Plaintiff signed in 2005. Plaintiff does not respond, in any manner, to Defendant's argument with respect to the Michigan Military Act Claim. Under familiar summary judgment standards, Defendant has discharged its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton,* 369 F.3d at 909 (citing *Celotex*, 477 U.S. at 325). The burden has then shifted to Plaintiff, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Plaintiff has failed make any argument in response to Defendant's motion for summary judgment on the state law claim, let alone point to *any* evidence in support

6

of a finding of that the contract was ambiguous or otherwise invalid. Because Plaintiff has failed to put forth sufficient evidence to show that there exists "a genuine issue for trial," Defendant is entitled to summary judgment on the state law claim as well. *See Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587).

### C. Arbitration

Finally, Plaintiff makes a last-ditch, one line request for arbitration. (*See* Pl.'s Resp. at 4 ("For purposes of this motion, the Plaintiff does not dispute that either the Plaintiff or the Defendant may be compelled to arbitrate, and since the Plaintiff was unaware of this option, he now chooses to request arbitration pursuant to paragraph 4 of that agreement.").) Defendant argues that, in any event, Plaintiff has waived arbitration by initiating this action in Federal court. While it is true that a party may waive arbitration by "taking actions that are completely inconsistent with any reliance on an arbitration agreement," *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010),[4] this issue is not properly before the court. Plaintiff has not filed any motion to arbitrate and, it is not proper to make such a request in a response brief or supplemental brief. As the issue is not properly before the court, the court declines to address it.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 6] is GRANTED.

---

[4]*See also Gen. Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 438 (6th Cir. 2002) (finding the defendant had waived any arbitration right by seeking arbitration "only after the district court had entered a default judgment against it").

7

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-12660.OSWALD.SummaryJudgment.wpd