**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME R. OSWALD,

    Plaintiff,

v.                                                            Case No. 10-CV-12660-DT

BAE INDUSTRIES, INC.,

    Defendant.

                                                    /

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On October 11, 2010, Plaintiff Jerome R. Oswald filed a motion for reconsideration of the court's September 30, 2010 order granting Defendant BAE Industries, Inc.'s motion for summary judgment. Defendant BAE Industries, Inc. timely filed a court-ordered response. Having considered the briefs, the court will not conduct a hearing. *See* E.D. Mich. LR 7.1(h)(2). For the reasons discussed below, the court will deny the motion.

**I. DISCUSSION**

To prevail on his motion to reconsider, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). The local rules provide that "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

## A. Rule 7.1(h) Prohibitions

Plaintiff seeks reconsideration of the court's September 30, 2010, order granting Defendant's motion for summary judgment. As an initial matter, the court finds that *all* of Plaintiff's arguments are barred by the local rule related to motions for reconsideration. Plaintiff does not identify any palpable defect by which the court or the parties have been misled, but instead merely presents arguments which could have been raised in response to the initial motion for summary judgment. The local rules prohibit motions which "merely present the same issues ruled upon by the court, either expressly *or by reasonable implication*." E.D. Mich. LR 7.1(h)(3) (emphasis added). A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion. *See Maiberger v. City of Livonia*, ____ F. Supp. 2d ____, 2010 WL 2772490, *18 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). The local rules encourage finality in opinions and discourage parties from "sandbagging" or holding back facts or arguments which could be raised in the initial round of briefing. As the Seventh Circuit aptly explained:

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D.Ill.1994); *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 603-04 (7th Cir.1989). Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. *In Re Oil Spill*, 794 F.Supp. 261, 267 (N.D.Ill.1992), aff'd, 4 F.3d 997 (7th Cir.1993)

> (citing *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557,
> 561 (7th Cir.1985)); *see also Bally Export Corp. v. Balicar Ltd.*, 804 F.2d
> 398, 404 (7th Cir.1986) (a motion to reconsider is not the appropriate
> vehicle to introduce new legal theories).

*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). For these reasons, the court denies Plaintiff's motion for reconsideration for its fundamental failure to present *any* palpable defect in the court's previous order. Plaintiff's attempts to rehash old arguments, relitigate old issues with a "new" legal theory, or reargue old assertions with "new" facts. Every single issue raised in Plaintiff's motion for reconsideration was raised, "either expressly or by reasonable implication," in Defendant's comprehensive motion for summary judgment. That Plaintiff's counsel may have forgotten to raise an argument, may have missed some case law, or may have neglected to earlier obtain an affidavit from his own client does not, without the articulation of a reasonable and persuasive excuse for such failures, form the basis of a meritorious motion for reconsideration. Accordingly, Plaintiff's motion is denied, first and foremost, for presenting "the same issues ruled upon by the court" in contravention of Local Rule 7.1(h)(3). For the sake of completeness, the court will also address the merits of Plaintiff's arguments, but stresses to the parties that the court's primary basis for the denial is Rule 7.1(h)(3).

**B. Federal Limitations Period**

In the court's September 30, 2010, order, the court held that while Plaintiff's claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, would normally be governed by a four-year statute of limitations, Plaintiff was bound by the six-months limitations period to which he contractually agreed.

3

Plaintiff now argues that his contractual agreement is barred by 38 U.S.C. § 4302(a), which provides:

> Nothing in this chapter shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter.

38 U.S.C. § 4302(a). Plaintiff argues that the six-month limitations period found in the relevant contract, if enforced, would "diminish" a right granted him under the general catch-all limitations period afforded to him under 28 U.S.C. § 1658(a). (Pl.'s Mot. at 3.) Plaintiff relies on *Wysocki v. International Business Machine Corp.*, 607 F.3d 1102 (6th Cir. 2010). In *Wysocki,* the Sixth Circuit recognized that, in some circumstances, contractual releases of USERRA claims may be barred by 38 U.S.C. § 4302. However, as Defendant correctly points out, *Wysocki* also reinforced the Circuit's earlier decision in *Landis v. Pinnacle Eye Care, LLC,* 537 F.3d 559 (6th Cir. 2008). In *Landis*, the Sixth Circuit followed the reasoning of *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672 (5th Cir.2006) to enforce an agreement to arbitrate USERRA claims because such agreements do not limit any substantive rights under the USERRA. In *Wysocki*, then, the Sixth Circuit again noted the difference between substantive and procedural rights under the USERRA:

> The rights and benefits listed in § 4303(2) are all substantive rights. They do not deal with the procedure or process for enforcing those rights and benefits. Arguably, applying the definition in § 4303(2) to § 4302, the only "rights" and "benefits" protected in § 4302 are substantive, not procedural, rights; therefore, § 4302(b) does not prevent veterans from waiving their procedural rights because it does not apply to a waiver of a veteran's procedural rights.

*Wysocki*, 607 F.3d at 1106-07. In *Wysocki*, because the release in question eliminated *all* of the plaintiff's procedural rights, the Sixth Circuit found that it thus implicated the plaintiff's substantive rights. *Id.* at 1107 ("An agreement that eliminates all of a veteran's procedural rights also eliminates, for all practical purposes, all of the veteran's substantive rights."). The Sixth Circuit noted, though, that they

> enforced the arbitration provision at issue in *Landis* because arbitration still "presents a fair opportunity for a claimant to present and prevail on a claim of a USERRA violation." [*Landis*,] 537 F.3d at 563. This is so because "[b]y agreeing to arbitration, a party does not forego the substantive rights provided by the statute, but rather it submits its claims to an arbitral forum instead of a judicial forum." *Id.* at 562.

*Id.* (citing *Landis*, 537 F.3d at 562-63). Here, by agreeing to shortened limitations period, a party does not give up any substantive right. Instead, Plaintiff agreed to submit his submit his claim under an abbreviated time period, which implicates only his procedural rights under the USERRA. *See, e.g.*, *Mahalsky v. Salem Tool Co.*, 461 F.2d 581, 586 (6th Cir. 1972) ("[Q]uestions concerning the appropriate form of action and, consequently, the applicable statute of limitations, are procedural matters."). Plaintiff's reliance on *Wysocki* and § 4302(b) is misplaced, and he has thus not identified any palpable defect in the court's earlier analysis.

### C. State Limitations Period

Plaintiff next makes a similar argument with respect to his state law claim limitations period. In its summary judgment order, the court held that Plaintiff's Michigan Military Act claim was likewise subject to the shortened contractual limitations period. (9/30/10 Order at 6-7.) The court based its holding on Michigan law providing that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v.*

5

*Continental Ins. Co.*, 703 N.W.2d 23, 31 (Mich. 2005). This is true without regard to whether the contract is "reasonable." *Id.* Plaintiff now argues that as with his USERRA claim, his state law claim cannot be contractually limited because of 38 U.S.C. § 4302(a). The court is frankly uncertain about the logic of Plaintiff's reasoning, but suffice to say that, as the court has rejected the reasoning with respect to the USERRA claim, so to will it reject the reasoning with respect to the state claim. Moreover, as Defendant points out, Plaintiff has failed to explain his complete failure to make *any* argument in response to Defendant's motion for summary judgment on the state law claim. Accordingly, there was no defect in the court's determination to grant summary judgment based both on (1) Michigan law allowing contractual limitations periods and (2) Plaintiff's failure to meet his burden on summary judgment to point to any facts or argument showing a genuine issue for trial.

### D. "Voluntary and Knowing" Waiver

Plaintiff next argues that his agreement to an abbreviated limitations period was not a "knowing and voluntary" waiver of his right to a longer limitations period. In support of this theory, Plaintiff submits, for the first time, an affidavit describing the circumstances of his waiver. The affidavit is the classic example of "too little, too late." As discussed above, motions for reconsideration are not the proper vehicle to submit facts which could have been submitted to the court earlier. Courts do not abuse their discretion in refusing to consider additional evidence which was available to counsel at the time the initial briefs were filed. *DaimlerChrysler Services North America, LLC v. Summit Nat., Inc.*, 144 F. App'x 542, 548 (6th Cir. 2005) (finding the district court did not abuse its discretion in denying reconsideration where "[t]he additional evidence before

6

the court in connection with the motion to reconsider was all available to [the movant] at an earlier time").

Moreover, there is nothing within Plaintiff's affidavit which calls into question the court's earlier finding (in the absence of any argument to the contrary) that the waiver was knowing and voluntary. The court specifically relied on *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) and the fact that "the language of the waiver is clear and unambiguous, and appears directly above his signature line." (9/30/10 Order at 4, n.2.) Notwithstanding Plaintiff's averments now that he did not fully comprehend the extent of his waiver, he has not identified a "palpable defect" in the court's conclusions that the language of the waiver—found in the one page, five paragraph agreement—was clear and that the waiver—found directly above his signature line—was conspicuous. As the court noted in its previous order, this case is analogous to *Myers*, where the Sixth Circuit stated, "[t]he contractual language is quite clear; moreover, if [the plaintiff] believed that the terms were unreasonable, he clearly had the option of not signing the agreement." *Id.* at 262.

### E. Whether Plaintiff Timely "Brought" an Action

Plaintiff's last argument is wholly without merit. Plaintiff argues that he complied with the terms of the contract because he "brought" an action with the Department of Labor within six months after he was terminated. Plaintiff's imaginative construction of the contract is simply not a reasonable interpretation. The contract provides:

> any action, claim or suit against the Company arising out of my application for employment, employment, or termination including, but not limited to, claims arising under any State or Federal civil rights statutes must be brought within one hundred and eighty (180) days of the event giving rise to the claim or be forever barred. I waive any and all limitations periods to the contrary.

7

(Def.'s Ex. A.) Plaintiff implies that by initiating an investigation with the Department of Labor within the relevant time period, he has somehow fully complied with the contract such that it no longer applies to any other action. Or, perhaps, Plaintiff implies that the contract only applies to Department of Labor investigations. It is difficult to discern Plaintiff's precise argument because he states simply that "[t]he vagueness of the word 'brought' easily includes having brought a claim with the Department of Labor to satisfy the demands of that provision." (Pl.'s Mot. 6.) Whatever Plaintiff's argument, it does not comport with the plain meaning of the contract. The contract applies the six month limitations period to "any action, claim or suit against the Company." Plaintiff undisputedly did not comply with the limitations period with respect to this action, and Plaintiff has failed to identify any palpable defect by which the parties have been misled, the correction of which would alter the court's conclusion enforcing the contract.

## II.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 14] is DENIED.

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 30, 2010, by electronic and/or ordinary mail.

  S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-12660.OSWALD.Reconsideration.SummaryJudgment.wpd